_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR 23 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JURONE HAMMOND                *

Petitioner                    *

v                             *           Civil Action No. RDB-17-3721

JOHN S. WOLFE, Warden, et al. *

Respondents                   *
                            ***

## MEMORANDUM OPINION

In response to this counseled Petition for Writ of Habeas Corpus, Respondents alleged that the petition is time-barred. ECF 4. Petitioner's Reply (ECF 7) asserts that Respondents improperly aver that the time during which Petitioner's Petition for Writ of Certiorari was pending before the Maryland Court of Appeals did not operate to toll the one-year limitations period applicable to petitions filed pursuant to 28 U.S.C. §2254. For the reasons stated herein, the Court finds the petition was timely filed and grants the unopposed Motion for Stay and Abeyance (ECF 2).[1]

Petitioner challenges his 1996 convictions on charges of first-degree rape, first degree sex offense (two counts), malicious injury, battery, and kidnapping from the Circuit Court for Prince George's County for which he received three concurrent life sentences plus 15 years consecutive; a sentence he has been serving since he was 16 years old. ECF 1; ECF 7 at Ex. 1, p. 7. He asserts that under "28 U.S.C. §2244(d)(1)(C), the combined effect of two Supreme Court cases, *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), filed on January 25, 2016, resulted in petitioners having one year after *Montgomery v. Louisiana* was decided in January, 2016, to file a § 2254 petition based on the newly declared

---

[1] This Court's Order of December 29, 2017, directed Respondents, in part, to respond to the Motion for Stay and Abeyance, but they did not address the motion. ECF 3 at ¶1.

right applicable to discretionary life sentence cases recognized in *Montgomery*, but not earlier in *Miller*, and retroactive effect of the sentencing procedures set forth therein." ECF 1 at p. 3. Petitioner asserts that "because he received discretionary life sentences, his one year period began with *Montgomery* in 2016, not *Miller* in 2012." *Id.* When *Montgomery* was decided, however, Petitioner was in the process of pursuing post-conviction remedies in the Maryland courts.

Specifically, Petitioner filed a petition for post-conviction relief in the Circuit Court for Prince George's County on September 23, 2014. ECF 1-10 at p. 20. The circuit court granted his Motion to Reopen and held a hearing on the claims raised on November 4, 2015. *Id.* at p. 22 In a decision dated November 9, 2015, relief was denied. *Id.* An application for leave to appeal filed with the Maryland Court of Special Appeals on September 26, 2016, was summarily denied. On October 5, 2016, a Motion to Reconsider the denial of the application was filed and later denied on December 1, 2016. *See* ECF 7-1 (letter dated December 7, 2016 informing Petitioner that Order and Mandate of December 1, 2016 was mailed to the incorrect address).

On October 5, 2016, Petitioner filed a pro se pleading with the Court of Appeals (*see* ECF 7-2) which was construed by that court as a Petition for Writ of Certiorari. *See* ECF 7-2 (letter from Court of Appeals Clerk to Petitioner). Petitioner was informed he had until November 7, 2016, to file a supplement for the petition. *Id.* He filed the supplemental pleading on November 3, 2016 (ECF 7-5), and the Court of Appeals granted the State to and including November 18, 2016, to file a response to the Petition for Writ of Certiorari. The State did not file a response. The Petition for Writ of Certiorari was "denied as there has been no showing that review by certiorari is desirable and in the public interest" on December 15, 2016. ECF 7-7.

Respondents assert that when an application for leave to appeal is summarily denied by the Court of Special Appeals, there is no right to further review. ECF 4 at p. 5, citing *Stachowski v. State*, 416 Md. 276 , 298 (2010). They further reason that the operative date for purposes of filing this federal habeas petition is one-year from December 1, 2016, the date Petitioner's motion for reconsideration was denied by the Maryland Court of Special Appeals; and the instant petition was filed on December 15, 2017, or 14 days late in Respondents' estimation. *Id.*

In his Reply, Petitioner asserts that the Maryland Court of Appeals accepted the Petition for Writ of Certiorari, considered it on the merits, and denied it on the merits. Had the petition been improperly filed, as Respondents maintain, the Court of Appeals was free to dismiss it as improperly filed rather than denying it on the merits as it did. Further, the Court of Appeals also permitted Petitioner an opportunity to supplement the Petition for Writ of Certiorari and also gave the State the opportunity to oppose it, which they declined to do on any basis, including that it was improperly filed on procedural grounds. Finally, Petitioner asserts that this Court is obliged to defer to the Court of Appeals' interpretation of State law matters such as whether it had jurisdiction to consider the Petition for Writ of Certiorari. ECF 7.

Under 28 U.S.C. §2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." This Court is obliged to afford a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997). Section 2254(d) "demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005), quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Where, as here, the state court's ruling pertains only to Maryland state law, the deference afforded to that decision is even greater. "[I]t is not the

3

province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Given this standard of review, this Court is not inclined to conclude that the Maryland Court of Appeals improperly considered Petitioner's pro se pleading as a Petition for Writ of Certiorari or that its decision denying it on the merits was improper. Thus, the Petition for Writ of Certiorari was properly filed and continued to toll the limitations for filing a federal habeas petition until December 15, 2016. As such, the Petition for Writ of Habeas Corpus filed in this Court is timely filed.

Petitioner's Motion for Stay and Abeyance (ECF 2) asserts cause for failure to exhaust the claim based on *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). When the *Montgomery* decision was issued Petitioner was in the process of litigating post-conviction claims and did not have the *Montgomery* decision available to him as a basis for relief. ECF 2. Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), a petitioner who is able to demonstrate good cause for failing to exhaust a claim is permitted to return to state court to present the unexhausted claim while the federal habeas petition remains stayed. A stay is available only in limited circumstances, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious and no dilatory tactics are shown. *Id.* Even if a Petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay if the unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277.

In the instant case granting a stay of these proceedings does not run afoul of the cautionary language in *Rhines,* which warns a stay should only be used in limited circumstances because it "effectively excuses a petitioner's failure to present his claims." *Id.* Here, Petitioner had no opportunity to present the *Montgomery* claim to the appropriate Maryland courts for review before the timely filing of this petition and staying this matter does not operate to excuse

an idle failure to pursue the claims presented. Accordingly, this matter shall be stayed pending Petitioner's exhaustion of that claim before the Maryland courts. Counsel will be required to provide status reports to this Court regarding the progress of the case through the state courts.

A separate Order follows.

_April 23, 2018_
Date

_/s/ Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE